Pigue, Manier & Hall v. McFerrin.

PIGUE, MANIER & HALL v. B. L. MCFERRIN et al.

CHANCERY PLEADINGS AND PRACTICE. *Bill to set aside fraudulent conveyance. Creditor entitled to judgment.* Upon a bill filed by a judgment-creditor to set aside a fraudulent conveyance or device, although the complainant fail to establish the fraud, the court may proceed to render judgment on the claim.

FROM CANNON.

Appeal from the Chancery Court at Woodbury. A. S. MARKS, Ch.

J. A. JONES and BURTON & WOODS for complainants.

ST. JOHN & FINLAY for defendants.

COOPER, J., delivered the opinion of the court.

These garnishment bills, consolidated and heard together, were dismissed on a former [day of the term. An application has been made to modify the decree so as to give the complainants judgments on their several claims against the debtors, dismissing the bill as to the garnishee.

The complainants are creditors of the defendants, W. H. McFerrin and J. H. Mitchell, principally by judgments recovered before a justice of the peace in 1871 and 1872. The bills were filed to reach an alleged indebtedness of the defendant, B. L. McFerrin, to his co-defendants. They stated that the two McFerrins had been in partnership as merchants from 1866 to 1869, when the firm was dissolved; that W. H. McFerrin and J. H. Mitchell afterwards continued the business as partners for a year or two, when Mitchell retired, and that W. H. McFerrin subsequently sold the stock of goods to a third person. The bills further alleged that there had been no settlement of the business of either firm; that upon a proper settlement of the first firm B. L. McFerrin would be brought in debt to W. H. McFerrin; that the firm of Mitchell & McFerrin made large profits, "which, together with the whole assets of said firm, were fraudulently appropriated by the defendants, B. L. McFerrin and W. H. McFerrin, to pay off the debts of the firm of B. L. & W. H. McFerrin, and by the defendant, B. L. McFerrin, to his own use." It is further charged, "that there was a large amount of assets due the firm of Mitchell & McFerrin, and that

the defendant, B. L. McFerrin, after he had come into the possession of the books of accounts of said firm of Mitchell & McFerrin as aforesaid, and appropriated the same as aforesaid, turned over said books or a portion of them to the defendant, J. H. Mitchell." The prayer was for an account of the business of the two firms, and of the indebtedness of B. L. McFerrin to them by reason of the appropriation of the assets for his benefit, and that the balance found against him be subjected to the debts of complainants. Upon a reference to take the partnership accounts, the master reported that the complainants had not furnished him with the necessary evidence to state the accounts. The chancellor was of the same opinion, but he gave the complainants a decree against B. L. McFerrin for $1,500, which he found due from him to W. H. McFerrin upon his admissions. Upon the appeal by B. L. McFerrin, this court, confirming the report of the Referees, reversed the decree, and dismissed the bills, upon the ground that the admissions were insufficient to establish any indebtedness. The debts of the complainants are either admitted by the debtors, or proved as charged.

These bills are mainly garnishment bills to reach the supposed indebtedness of B. L. McFerrin to the debtor of the complainants. But they may be also treated as bills filed under the Code, sec. 4283 *et seq.*, to subject to the satisfaction of the complainants judgments, after exhausting the legal remedy, assets of the debtors in the hands of their co-defendants; and under section 4288, *et seq.*, to set aside fraudu-

lent conveyances or devices resorted to for the pur-
pose of hindering and delaying the creditors. In such
cases the uniform practice of the court has been, when
the bills were successfully prosecuted, to ascertain the
debts of the complainants and render a judgment for
the amount then due, whether the debts had been
previously reduced to judgment or not. By the Code,
sec. 4292, it is expressly provided, in the event the
complainant fails to establish the fraud, that the court
shall proceed to render judgment on his claim, the
complainant paying all costs except such as are inci-
dent to taking the judgment. This case is within
the letter and spirit of the provision. The fact that
the claim is already in a judgment can make no dif-
ference, for a creditor may sue upon a judgment and
have a new recovery, if he choose to do so.

An addition may therefore be made to the decree
heretofore entered, rendering judgment in favor of
each of the complainants for the balance of debt
shown by the record to be due him against his debtor
or debtors, and the cost of the judgment.